UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QBE INSURANCE CORPORATION,

        Plaintiff,

                                             Case Number 12-12887
v.                                       Honorable David M. Lawson

THE 1919 CORPORATION a/k/a CUTTER'S BAR
AND GRILL, RUFFUS STEWART, LASHAUD
WELCOME, TARANCE DEAS, and ANDRE
ROWELL,

        Defendants.
_____ /

## ORDER OF DISMISSAL

The plaintiff, QBE Insurance Corporation (QBE), filed an action in this Court seeking a declaratory judgment on the question whether it must defend and indemnify the 1919 Corporation, its insured, in a lawsuit presently pending in the Wayne County, Michigan circuit court. This Court has discretion whether to exercise jurisdiction in declaratory judgment actions, and because all the pertinent factors relating to the exercise of that discretion were not addressed in the plaintiff's complaint, the Court ordered the plaintiff to show cause why the case should not be dismissed without prejudice.

QBE responded to the show cause order. In its filing, QBE explained that it issued a comprehensive general liability insurance policy to its insured, the 1919 Corporation, which did not include liability coverage for the intentional acts of its insured. QBE pointed out that the tort complaint filed by the state court plaintiffs alleges that they were injured by 1919 Corporation employees, who threatened and beat them. QBE also noted that it was seeking rescission of the insurance contract, arguing that the 1919 Corporation made fraudulent statements in its application

for insurance.  QBE added that its complaint also asserted that the 1919 Corporation failed to comply with the policy's notice requirement and that the bouncers who administered the beating, defendants Steward and Welcome, were independent contractors not entitled to coverage.  QBE asserted that these issues are not before the state court in the related action.  QBE reasoned that the coverage issue could be resolved by examining the four corners of the state court complaint without the need for factual development, and therefore the declaratory judgment procedure in this Court would provide a quick method of resolving the insurance coverage dispute.

The Court does not agree.  QBE's claim for rescission could be resolved without discovery as to the underlying events.  However, should the Court deny QBE's claim for rescission, it would then be required to delve into factual issues pending in the state court action.  The state court complaint contains allegations of conduct attributed to some of the 1919 Corporation's employees that can be characterized fairly as intentional, but the thrust of the complaint sounds in negligence, particularly with respect to the allegations of the defendant's failure to train, hire, and screen its bouncers and other employees.  The Court believes it is likely that the coverage question cannot be resolved fully without discovery of the underlying events and defendant 1919 Corporation's business practices, which would be the same information sought in the state court as necessary to a resolution of the underlying tort claim.  The Court finds that the balance of the pertinent factors favors declining jurisdiction.

I.

Although the federal courts have a "virtually unflagging obligation . . .  to exercise the jurisdiction given them," *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976), the exercise of jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a),

is not mandatory, *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942), and at times the better exercise of discretion favors abstention.  "'By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants'." *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 969 (6th Cir. 2000) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)).  Abstaining from that opportunity generally "rest[s] on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Colorado River*, 424 U.S. at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)).  Declining jurisdiction is always a sensible option to consider in declaratory judgment actions seeking an opinion on insurance coverage that could impact litigation pending in another court, for although there is no *per se* rule prohibiting such actions in federal court, see *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1066 (6th Cir. 1987),  "[s]uch actions . . . should normally be filed, if at all, in the court that has jurisdiction over the litigation which gives rise to the indemnity problem." *Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 812 (6th Cir. 2004) (quoting *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.,* 791 F.2d 460, 463 (6th Cir. 1986)).

    To assist district courts in determining whether to proceed with such actions, the Sixth Circuit in *Bituminous Casualty Corporation* repeated five factors that it drew from its earlier precedents:

> (1) whether the judgment would settle the controversy;
> (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";

(4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
(5) whether there is an alternative remedy that is better or more effective.

*Id.* at 813 (quoting *Scottsdale Ins. Co.*, 211 F.3d at 968 (citations omitted)).  Unless these factors weigh in favor of entertaining the action, the federal court should abstain.  *Ibid.*

### A. Settle the controversy

Sixth Circuit precedent on this factor is somewhat inconsistent.  *Compare Travelers Indem. Co. v. Bowling Green Prof. Assoc., PLC*, 495 F.3d 266, 272 (6th Cir. 2007) ("The district court's decision could not settle the controversy in the underlying state court litigation; thus, the first factor favors the court not exercising jurisdiction.") *with Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454 (6th Cir. 2003) ("Considering the first and second factors, while the declaratory judgment would not end the dispute between Cailu and Stewart, it would settle the controversy regarding the scope of insurance coverage issued by Northland to Cailu, and whether Northland had a duty to defend the insureds.").  Later, however, the Sixth Circuit reconciled these cases on the grounds that "the contrary results in these cases might . . . be explained by their different factual scenarios." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 555 (6th Cir. 2008).  The factor may favor exercising jurisdiction when the plaintiff is not a party to the state litigation or there is a legal, and not a factual, dispute in federal court.  *Id.* at 556.

The Court believes that this factor favors abstention in this case.  A decision on the coverage question in this Court will not resolve the underlying dispute between the parties.  Further, there is no guarantee that a decision from this Court will fully resolve the coverage issue.  True, the Court might find in the plaintiff's favor on the rescission issue.  In that case, the coverage issue would be fully resolved.  However, should the Court find in the defendants' favor on that issue, the likelihood

-4-

is that a coverage decision would be contingent on the outcome of the state court case.  A determination in this lawsuit will not necessarily result in a conclusive pronouncement on whether QBE must indemnify the 1919 Corporation at all, since there are certain categories of damages claimed by the state court plaintiff that may fall within the scope of the CGL policy and some that do not.  Although QBE certainly would not be obliged to indemnify the 1919 Corporation for the intentional torts of its employees, if a state court jury were to find the 1919 Corporation negligent in the hiring or supervision of its employees, then QBE could be accountable to indemnify the 1919 Corporation for that "occurrence."

Other courts have found this factor to favor declining jurisdiction where an insurance company presents both a claim for rescission and an argument that an insured is not entitled to coverage that depends on the resolution of a factual issue presented to the state court.  *See New Hampshire Ins. Co. v. Home Sav. and Loan Co. of Youngstown*, No. 4:05-CV-02179, 2008 WL 2446066, at *4 (N.D. Ohio June 16, 2008), *rev'd on other grounds*, 581 F.3d 420 (6th Cir. 2009); *Chicago Ins. Co. v. Lammers*, No. 06-387-KSF, 2007 WL 1240260, at *1-3 (E.D. Ky. Apr. 27, 2007); *Liberty Mut. Fire Ins. Co. v. Salmo*, No. 09-13482, 2010 WL 2740170, at *1, 3 (E.D. Mich. July 12, 2010).  This Court agrees and finds that the first *Bituminous* factor favors abstention.

### B. Clarifying the legal relations

The second factor "is closely related to the first factor and is often considered in connection with it."  *Flowers*, 513 F.3d at 557.  The relevant inquiry is whether the federal judgment will "resolve, once and finally, the question of the insurance indemnity obligation of the insurer."  *Ibid.*; *see also Northland*, 327 F.3d at 454; *but see Travelers Indem.*, 495 F.3d at 272 (holding that the second factor favored abstention because "although a declaratory judgment would clarify the legal

relationship between the insurer and the insured pursuant to the insurance contracts, the judgment would not clarify the legal relationship between the parties in the underlying state action." (alterations and quotations omitted)); *Bituminous Cas.*, 373 F.3d at 814. Resolving the coverage question in the absence of persons who will be bound by the judgment is disfavored, see *Westfield Insurance Corp. v. Mainstream Capital Corp.*, 366 F. Supp. 2d 519, 522 (E.D. Mich. 2005), although that is not a factor here.

In this case, all interested persons are parties to this lawsuit and will be bound by the judgment. *Compare Westfield*, 366 F. Supp. 2d at 522. In the event that the Court did not rule in QBE's favor on the rescission issue, resolution of the case would be driven by the nature of the alternate forms of liability that ultimately will be determined by the state court jury. Although the Court could examine the insurance policy and declare that certain categories of damages are covered and others are not, whether certain specific claims of damage are allocated to one or another category cannot be determined without deciding the facts in the underlying case. Since that task also must be performed by the state court, it appears that entertaining this advisory action would not constitute wise judicial administration.

### C. Procedural fencing

The courts are "reluctant to impute an improper motive to a plaintiff where there is no evidence of such in the record." *Flowers*, 513 F.3d at 558. A plaintiff who files his declaratory judgment claim after the state proceeding has begun does not implicate the concerns of this rule. *See ibid.*; *Northland*, 327 F.3d at 454. There is no evidence that the plaintiff has abused the choosing of the present forum. The most that can be said is that the plaintiff preferred a federal court to a state court, where this action also could have been filed, and where the tort action had

been pending for about eight months when this lawsuit was commenced. There is nothing improper about that. This factor does not favor abstention.

### D. Friction between federal and state courts

The fourth factor asks whether exercising jurisdiction would increase friction between federal and state courts. The Supreme Court has cautioned that "where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference,' if it permitted the federal declaratory action to proceed." *Wilton,* 515 U.S. at 283 (quoting *Brillhart*, 316 U.S. at 495). However, "the mere existence of a state court proceeding is not determinative of improper federal encroachment upon state jurisdiction." *Green,* 825 F.2d at 1067. Therefore, "'the propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power.'" *Wilton*, 515 U.S. at 287 (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 243 (1952)). The Sixth Circuit articulated three sub-factors to consider when determining whether the exercise of jurisdiction would increase friction between federal and state courts. *Bituminous*, 373 F.3d at 814-15 (citing *Scottsdale,* 211 F.3d at 968). First, if the action involves resolution of factual issues being considered by the state court, federal jurisdiction is disfavored. *Flowers*, 513 F.3d at 560. The second sub-factor favors abstention when issues of unsettled state law are implicated. *See Travelers*, 495 F.3d at 272. The third sub-factor favors abstention when, as is the case for insurance contracts, interpretation of law is intertwined with state policy. *Flowers*, 513 F.3d at 561. As the *Flowers* court explained:

> The liability issues being determined in the state court proceeding may well be legally, if not factually, distinct from the issues of policy interpretation which are

-7-

> central to the federal declaratory judgment action. However, sometimes resolution
> of the issue raised in federal court will require making factual findings that might
> conflict with similar findings made by the state court.

*Flowers*, 513 F.3d at 560 (internal citation and quotation marks omitted). When the latter is the

case, the exercise of jurisdiction would be inappropriate.

This fourth *Grand Trunk* factor does not favor exercising jurisdiction. A declaratory

judgment by this Court likely would decide an issue that the state court could decide differently in

the underlying tort litigation. For instance, under Michigan law:

> The duty of an insurance company to provide a defense in an underlying tort action
> depends upon the allegations in the complaint and extends to allegations which 'even
> arguably come within the policy coverage.' . . . However, it is equally clear that an
> insurer's duty to defend and indemnify does not depend solely upon the terminology
> used in a plaintiff's pleadings. Rather, 'it is necessary to focus on the basis for the
> injury and not the nomenclature of the underlying claim in order to determine
> whether coverage exists. . . . [S]o must the allegations be examined to determine the
> substance, as opposed to the mere form, of the complaint.'

*Cincinnati Ins. Co. v. Fed. Ins. Co.*, 166 F. Supp. 2d 1172, 1178 (E.D. Mich. 2001) (quoting *Allstate*

*Ins. Co. v. Freeman,* 432 Mich. 656, 662-63, 443 N.W.2d 734, 737-38 (1989) (citations omitted),

*abrogated on other grounds by Fire Ins. Exchange v. Diehl*, 450 Mich. 678, 545 N.W.2d 602

(1996)).

The complaint in the state tort case alleges both negligent and intentional torts. Coverage

will turn on which form of liability, if any, the state court jury accepts. A federal jury could decide

the same issue, of course, but that would require conducting a trial within a trial and would not

constitute a wise allocation of scarce judicial resources.

**E. Alternative remedy**

When state law provides an avenue for the resolution of insurance coverage, the fifth factor favors declining jurisdiction.  *Flowers*, 513 F.3d at 562.  Michigan allows insurers to bring declaratory judgment actions in state court.  *See* Mich. Ct. R. 2.605; *see also Rose v. State Farm Mut. Auto. Ins. Co.*, 274 Mich. App. 291, 294, 732 N.W.2d 160, 162 (2006).  Here, the plaintiff "could have presented its case to the same court that will decide the underlying tort action." *Bituminous,* 373 F.3d at 816.  Even though the plaintiff could not be joined as a party in the tort case, see Mich. Comp. Laws § 500.3030, it could have commenced an action identical to the present one in state court and moved for consolidation before the same judge presiding over the tort case.


                                                    II.

The Court believes that the *Grand Trunk* factors decidedly favor abstention.  Following the direction of *Bituminous Casualty*, *Manley Bennett*, *Grand Trunk*, *Roumph*, and *Flowers*, the Court is constrained to dismiss the present action without prejudice.

Accordingly, it is **ORDERED** that the complaint is **DISMISSED without prejudice**.

                                        s/David M. Lawson_____
                                        DAVID M. LAWSON
                                        United States District Judge

Dated: October 2, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 2, 2012.

                              s/Deborah R. Tofil_____
                              DEBORAH R. TOFIL